**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN (GRAND RAPIDS)**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| **MERITAGE HOSPITALITY GROUP INC., *et al.*,** | : | **Case No. 26-02947 (JWB)** |
| **Debtors.**[1] | : | **(Jointly Administered)** |

**AMENDED SCHEDULE OF ASSETS AND LIABILITIES FOR WEN GEORGIA, LLC (CASE NO. 26-02958)**

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Meritage Hospitality Group Inc. (0460); MHG Food Service, Inc. (5926); OCM Development, LLC (7384); Wen Carolinas, LLC (3792); Wen Georgia, LLC (7369); Wen Ohio, LLC (5959); Wen Oklahoma, LLC (8802); Wen South, LLC (1229); Wen Tennessee, LLC (2477); Wen Virginia, LLC (2477); WM Limited Partnership-1998 (9989); RES Management, LLC (9105); Inspired By Opportunity, LLC (3681); Uncommon Hospitality, LLC (8858); and Chicken Ventures, LLC (7215);. The corporate headquarters and the mailing address for the Debtors is 45 Ottawa Ave SW Suite 600, Grand Rapids, MI 49503.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MERITAGE HOSPITALITY GROUP INC., *et al.*,[1] | ) | Case No. 26-02947 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Meritage Hospitality Group Inc. ("Meritage") and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements," and together with the Schedules, the "Schedules and Statements") in the United States Bankruptcy Court for the Western District of Michigan (the "Bankruptcy Court"). The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Order (i) Extending Time to File Schedules and Statements and (ii) Granting Relief [Docket No. 13].

These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and constitute an integral part of all of the Debtors' Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

In preparing the Schedules and Statements, the Debtors relied on unaudited financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. The Debtors hereby reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Meritage Hospitality Group Inc. (0460); MHG Food Service, Inc. (5926); OCM Development, LLC (7384); Wen Carolinas, LLC (3792); Wen Georgia, LLC (7369); Wen Ohio, LLC (5959); Wen Oklahoma, LLC (8802); Wen South, LLC (1229); Wen Tennessee, LLC (2477); Wen Virginia, LLC (2840); WM Limited Partnership-1998 (9989); RES Management, LLC (9105); Inspired By Opportunity, LLC (3681); Uncommon Hospitality, LLC (8858); and Chicken Ventures, LLC (7215). The corporate headquarters and the mailing address for the Debtors is 45 Ottawa Ave SW Suite 600, Grand Rapids, MI 49503.

The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law. In no event shall the Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

Kevin Cleary, Chief Restructuring Officer of the Debtors and an authorized signatory for each of the Debtors, has signed each set of the Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Cleary has necessarily relied upon the efforts, statements, advice, and representations of various personnel employed by the Debtors and the Debtors' legal and financial advisors. Mr. Cleary has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## Global Notes and Overview of Methodology

1. **Description of Cases and "As Of" Information Date.** On September 17, 2026 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

   On September 23, 2026, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of these chapter 11 cases [Docket No. 96]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.

   To the best of the Debtors' knowledge, and except as otherwise noted, the information provided herein represents the (i) asset data of the Debtors as of the close of business on September 16, 2026, and (ii) liability data of the Debtors as of the close of business on September 16, 2026.

2. **Global Notes Control.** These Global Notes pertain to and comprise an integral part of each of the Schedules and Statements and should be referenced in connection with any review thereof. In the event that the Schedules and Statements conflict with these Global Notes, these Global Notes shall control.

3. **No Admission.** Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtors,

any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

4. **Reservations and Limitations.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist. The Debtors reserve all rights to: (a) amend and supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to amend the Schedules and Statements with respect to the description, designation, or Debtor against which any claim against a Debtor ("Claim")[2] is asserted; (b) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (c) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or (d) object to the extent, validity, enforceability, priority, or avoidability of any Claim (regardless of whether such Claim is designated in the Schedules and Statements as "disputed," "contingent," or "unliquidated"). Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability or amounts due or owed by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any rights or Claims of the Debtors against any third party or issues involving Claims, substantive consolidation, equitable subordination, or defenses and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

   a. **Recharacterization.** Notwithstanding the Debtors' commercially reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

   b. **Classifications.** Listing (i) a Claim on Schedule D as "secured," (ii) a Claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as

[2] For the purposes of these Global Notes, the term "Claim" shall have the meaning as defined under section 101(5) of the Bankruptcy Code.

"executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract or to setoff of such Claim. The Debtors hereby expressly reserve the right to assert that any contract listed on the Schedules and Statements does not constitute an executory contract within the meaning of section 365 of the Bankruptcy Code, and the right to assert that any lease so listed does not constitute an unexpired lease within the meaning of section 365 of the Bankruptcy Code.

c. **Claims Description.** Schedules D and E/F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtors reserve all rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification. Additionally, the Debtors expressly reserve all rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Moreover, listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or by any of the Debtors. The Debtors reserve all rights to amend Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to Claim description and designation.

d. **Estimates and Assumptions.** The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ materially from such estimates. The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in estimates or assumptions.

e. **Causes of Action.** Despite reasonable efforts to identify all known assets, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, causes of action that are required to be kept confidential and causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all rights with respect to any causes of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or

unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

f. **Intellectual Property Rights.** Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner; however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

g. **Insiders.** In instances where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals and entities who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Such individuals may no longer serve in such capacities.

The listing or omission of a party as an insider for purposes of the Schedules and Statements is for informational purposes only and is not intended to be, nor should it be, construed as an admission of the legal characterization of such party as an insider for purpose of section 101(31) of the Bankruptcy Code and does not act as an admission of any fact, Claim, right, or defense, and all such rights, Claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements may not be used for: (i) the purposes of determining (A) control of the Debtors; (B) the extent to which any individual exercised management responsibilities or functions; (C) corporate decision-making authority over the Debtors; or (D) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (ii) any other purpose.

5. **Methodology.**

a. **Basis of Presentation.** The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' reasonable efforts to report the assets

and liabilities of each Debtor on an unconsolidated basis. Further, the Debtors' fiscal calendar is presented based on twelve fiscal periods that approximately but do not exactly line up with the calendar months. The 2024 fiscal year was January 1, 2024 – December 29, 2024; the 2025 fiscal year was December 30, 2024 – December 28, 2025, and the 2026 fiscal year prior to the Petition Date was December 29, 2025 – September 16, 2026. The Debtors' fiscal periods are roughly four-week periods; the first fiscal period for 2026 was December 29, 2025 – January 25, 2026, the second fiscal period for 2026 was January 26, 2026 – March 1, 2026, etc. The Debtors may refer to these periods as "Period 1, Period 2, etc.".

b. **Comprehensive Enterprise.** The Debtors utilize a central and consolidated cash management system, which consists of multiple bank accounts (the "Cash Management System"). The Debtors manage the cash within the Cash Management System by transferring funds among bank accounts as needed based on cash receipts and disbursements. As described in further detail in the *Debtors' Motion for Entry of Interim and Final Orders (i) Authorizing the Debtors to (a) Continue to Use Their Cash Management System and Maintain Existing Bank Accounts, (b) Honor Certain Obligations Relating Thereto, (c) Maintain Existing Business Forms and Books and Records, and (d) Continue to Perform Intercompany Transfers; (ii) Granting a Wavier of Certain Deposit and Investment Requirements in 11 U.S.C. § 345(b) and the U.S. Trustee Guidelines; and (iii) Granting Related Relief* [Docket No. 25] (the "Cash Management Motion"), certain payments in the Schedules and Statements may have been made by one legal entity on behalf of another legal entity through the Cash Management System. The Bankruptcy Court has entered interim and final orders authorizing the Debtors to continue using the Cash Management System [Docket No. 109, Docket No. 254] (the "Cash Management Order"). The Debtors' treasury and accounting departments regularly reconcile the Debtors' books and records to ensure that all transfers are accounted for properly. Thus, the Debtors' debits and credits are known and recorded. Although diligent efforts have been made to set forth open payable amounts and Claims on the Schedules and Statements of the correct legal entity, the Debtors reserve the right to modify or amend the Schedules and Statements to update payable amounts or attribute open payable amounts and Claims to a different legal entity, if necessary or appropriate.

c. **Confidential Information.** There may be instances in the Schedules and Statements where the Debtors deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts. Pursuant to the *Order (i) Authorizing the Debtors to (a) File a Consolidated (1) Creditor Matrix and (2) Top Thirty Creditors List, and (b) Redact Certain Personal Identification Information In The Creditor Matrix and Certain Other Documents; (ii) Modifying the Requirement to File a List of All Equity Security Holders and Modifying Notice Requirements to Equity Security Holders; and (iii) Granting Related Relief* [Docket No. 14] (the "Creditor Matrix Order"), the Bankruptcy Court has authorized the Debtors to redact certain confidential information on the Debtors' Schedules and Statements. In addition, the Debtors may have redacted certain information where an agreement between the Debtors and a third party, concerns of confidentiality, the protection of sensitive commercial

information, or concerns for the privacy of individuals, including employees, so requires. The alterations or redactions are limited only to what the Debtors believe is warranted and is authorized by the Court.

d. **Duplication.** Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

e. **Umbrella or Master Agreements.** Contracts and leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors including some agreements which may include some of the Debtors and/or non-Debtor affiliates. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement. Other Debtors and/or non-Debtors, however, may be liable instead of, or together with, such Debtor on account of such agreements, and the Debtors reserve all rights to amend the Schedules and Statements to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate.

f. **Executory Contracts.** Although the Debtors have made reasonable efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G. In addition, although the Debtors have made reasonable efforts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by the counterparty to such contract or lease.

g. **Leases.** The Debtors have not included the future obligations of any capital or operating leases in the Schedules and Statements. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule E/F.

In the ordinary course of business, certain of the Debtors may enter into agreements titled as leases for property, other real property interests, and equipment from third party lessors for use in the daily operation of their business. Any known prepetition obligations of the Debtors for equipment or similar leases have been listed on Schedule F, the lease counterparties have been noted on Schedule D, and the underlying lease agreements are listed on Schedule G, or, if the leases are in the nature of real property interests under applicable state laws, on Schedule A. Nothing in the Schedules or Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease, a financing arrangement, or a real property interest), and the Debtors reserve all rights with respect to such issues.

h. **Net Book Value.** In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to, the Debtors. Unless otherwise noted, the Schedules and Statements reflect net book values as of September 16, 2026. Certain assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

The book values of certain assets may materially differ from their fair market values and/or the Debtors' enterprise valuation that will be prepared in connection with the disclosure statement to the Plan. For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value.

Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets or the impact of the industry environment and may differ materially from the actual value and/or performance of the underlying assets.

i. **Allocation of Liabilities.** The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as necessary or appropriate.

j. **Operating Entity Level.** The Debtors have created operating entities that function as profit and cost centers for purposes of recording financial activities. Operating entities have been historically treated as discrete entities for accounting purposes, but such operating entities are not separate legal entities. Thus, operating entities have been separated into the relevant Debtors for purposes of reporting in the Statements and Schedules.

k. **Undetermined Amounts.** The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

l. **Unliquidated Amounts.** Amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated."

m. **Totals.** All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different from the listed total.

n. **Paid Claims.** Pursuant to certain orders of the Bankruptcy Court entered in the Debtors' chapter 11 cases on or about September 23, 2026, the Debtors were authorized (but not directed) to pay in their discretion certain Claims on a postpetition basis; as such, outstanding liabilities may have been reduced by any Bankruptcy Court-approved postpetition payments made on prepetition payables.

Where and to the extent these liabilities have been satisfied, they may not be listed in the Schedules and Statements. To the extent the Debtors later pay any amount of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities. Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Bankruptcy Court where such order preserves the right to contest.

o. **Intercompany Claims.** As described more fully in the Cash Management Motion, the Debtors engage in a range of intercompany transactions in the ordinary course of business. Pursuant to the Cash Management Order, the Bankruptcy Court has granted the Debtors authority to continue the intercompany transactions in the ordinary course of business. The Debtors and all parties-in-interest reserve all rights with respect to such accounts. Intercompany payables among the Debtors and (i) other Debtors or (ii) their non-Debtor affiliates are reported on Schedule E/F, per the Debtors' books and records, which may or may not result in allowed or enforceable claims by or against a given Debtor. The intercompany payables also may be subject to recoupment or other adjustments made pursuant to customary intercompany policies and practices not reflected in the Schedules.

p. **Guaranties and Other Secondary Liability Claims.** The Debtors have used their best efforts to locate and identify guaranties and other secondary liability claims (collectively, the "Guaranties") in their executory contracts, unexpired leases, debt instruments, and other such agreements. Where such Guaranties have been identified, they have been included in the relevant Schedule for the Debtor or Debtors affected by such Guaranties. The Debtors believe that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, other secured financing, debt instruments, and similar agreements may exist and, to the extent they do, will be identified upon further review. Therefore, the Debtors reserve their rights to amend the Schedules to the extent additional Guaranties are identified.

q. **Excluded Assets and Liabilities.** The Debtors have excluded the following categories of assets and liabilities from the Schedules and Statements: certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets and liabilities; goodwill and other intangibles; deferred revenue accounts; and certain accrued liabilities including, but not limited to, accrued salaries and employee benefits. The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that have not been rejected, to the extent such damage Claims exist. In addition, other immaterial assets and liabilities may also have been excluded.

r. **Liens.** The inventories, property, and equipment listed in the Schedules and Statements arc presented without consideration of any liens that may attach (or have attached) to such property and equipment.

s. **Property and Equipment.** Unless otherwise indicated, owned property (including real property) and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. Any such leases are set forth in the Schedules and Statements. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease, and the Debtors reserve all of their rights with respect thereto.

t. **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

u. **Credits and Adjustments.** The Claims of individual creditors for, among other things, goods, products, or services are listed as amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights respecting such credits, allowances and other adjustments.

v. **Setoffs.** The Debtors routinely incur setoffs and net payments in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, refunds, and negotiations and/or disputes between Debtors and their customers and/or suppliers. These normal, ordinary course setoffs and nettings are common to the Debtors' business and are consistent with the ordinary course business of the Debtors' industry. Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Schedules and Statements. In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

## Specific Schedules Disclosures

**Schedules Summary**. Except as otherwise noted, the asset and liability information provided herein represents the Debtors' assets and liabilities as of the Petition Date.

For financial reporting purposes, the Debtors ordinarily prepare financial statements by operating entity. Unlike the consolidated financial statements, the Schedules reflect the assets and liabilities of each Debtor on a nonconsolidated basis, except where otherwise indicated. Accordingly, the totals listed in the Schedules will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.

The Schedules do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of each Debtor. Certain write-downs, impairments, and other accounting adjustments may not be reflected in the Schedules. Additionally, the Schedules contain unaudited information that is subject to further

review and potential adjustment and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission as to the Debtor's solvency as of the Petition Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Petition Date or at any time before the Petition Date.

6. **<u>Schedule A/B</u> — Assets**

a. Unless otherwise noted on specific responses, items reported on Schedule A/B are reported from the Debtors' books and records as of the Petition Date.

b. Parts 1 and 2 — Cash and Cash Equivalents; Deposits and Prepayments.

- Details with respect to the Debtors' Cash Management System and bank accounts are provided in the Cash Management Motion and the Cash Management Order. The balances of the financial accounts listed on Schedule A/B, Part 1, are as of September 16, 2026.
- Additionally, the Court, pursuant to the *Order (i) Approving the Debtors' Proposed Adequate Assurance of Payment For Future Utility Services, (ii) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Services, (iii) Approving the Debtors Proposed Procedures For Resolving Additional Assurance Requests, (iv) Granting Related Relief* [Docket No. 21], has authorized the Debtors to provide adequate assurance of payment for future utility services. Such deposits are not listed on Schedule A/B, Part 2, which has been prepared as of September 16, 2026.
- The balances of deposits and prepayments presented on Schedule A/B, Parts 1 and 2 are as of September 16, 2026.
- Part 1, Question 4 refers to "Cash – DITS" with respect to food delivery and credit cards. These refer to cash receipts that are in transit as of the Petition Date (i.e., cash from food delivery applications or credit cards that was order, but had not yet hit the Debtors' accounts as of the Petition Date).

c. Part 3 — Accounts Receivable.

- Amounts listed reflect gross amounts received or face amounts requested. Due to the nature of the Debtors' business, these are not traditional operating accounts receivable and include a variety of miscellaneous accounts receivable in different categories as of the Petition Date.

d. Parts 5, 7, 8, and 9 — Inventory, Excluding Agriculture Assets; Office Furniture, Fixtures, and Equipment; and Collectibles; Machinery, Equipment, and Vehicles; Real Property.

- An external or professional valuation of the Debtors' inventory has not been undertaken.

- Dollar amounts are presented net of accumulated depreciation and other adjustments as of September 16, 2026.
- The Debtors have made preliminary estimates of goods received in the 20 days prior to the Petition Date. These estimates are preliminary in nature as to both amount and specific Debtor. On average, the Debtors' operating stores go through one case of perishable items every eight days, and all perishable inventory items are completely depleted and replenished every 28 days. The Debtors have therefore estimated the amount of perishable items purchased in the 20 days prior to the Petition Date based on this rate of usage. The Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.
- Operating and finance leases and leasehold improvements are included, however, these leases are not assets and are listed as having undetermined value.
- Counts regarding finished goods and other inventory are based on Sunday inventory counts. The Debtors receive their primary deliveries of food and other inventory items every week in the middle of the week, and inventory counts based on Sundays reflect approximately a half week of use of such deliveries.

e. Part 10 — Intangibles and Intellectual Property.

- Listed at net book value as reflected in the Debtors' books and records as of the Petition Date, or reflected as undetermined, unless otherwise noted.
- Trademarks are listed as having an undetermined value.

f. Part 11 — All Other Assets.

- Listed at net book value as reflected in the Debtors' books and records as of the Petition Date, or reflected as undetermined, unless otherwise noted.
- Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtor and Rights to Setoff Claims. In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, refunds with their customers or suppliers or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant. The Debtors attempted to list known causes of action and other claims. Because certain of such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B, Part 11. The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

- Interests in Insurance Policies or Annuities. A list of the Debtors' insurance policies and related information is available in the *Order (i) Authorizing the Debtors to (a) Continue Insurance Coverage and Satisfy Prepetition Obligations Related Thereto, (b) Renew, Amend, Supplement, Extend, or Purchase Insurance Coverage, and (c) Continue to Pay Brokerage Fees, and (ii) Granting Related Relief* [Docket No. 106]. The Debtors believe that there is little or no cash value to the vast majority of such insurance policies. Accordingly, such policies are not listed on Schedule A/B, Part 11. All current insurance policies are listed in response to Schedule A/B 73.
- Net operating losses listed are calculated as of the end of the Debtors' P9 period (approximately the end of August 2026).
- The Gallagher Basset undermined amount claim reflects an estimate of what the Debtors expect their potential insurance claims per year to be. This amount is adjusted throughout the year as claims are adjusted and adjudicated.

2. **Schedule D — Creditors Who Have Claims in Property**

- Except as otherwise agreed pursuant to a stipulation, or agreed order, or general order entered by the Bankruptcy Court that is or becomes final, the Debtors and their estates reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not nor shall it be deemed an admission as to the validity of any such lien. The Debtors made reasonable, good-faith efforts to include all liens on Schedule D, but may have inadvertently omitted an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation. Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.
- Certain of the claims listed on Schedule D, as well as the Guaranties of those claims listed on Schedule H, arose and were incurred on various dates; a determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all of these various dates are included for each such claim. To the best of the Debtors' knowledge, all claims listed on Schedule D arose or were incurred before the Petition Date.

3. **Schedule E/F — Creditors Who Have Unsecured Claims**

a. Part 1 — Creditors with Priority Unsecured Claims.

- Pursuant to the *Order (i) Authorizing the Debtor to Pay Certain Prepetition Taxes and Fees, and (ii) Granting Related Relief* [Docket No. 102] (the "Taxes Order"), the Debtors have been granted the authority to pay, in their discretion, certain tax liabilities that accrued prepetition. Accordingly, any unsecured priority claims based upon prepetition tax accruals that have been paid pursuant to the Taxes Order may not be listed in Schedule E.
- Furthermore, pursuant to the *Order (i) Authorizing the Debtors to (a) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (b) Honor and Continue Their Employment Benefits Programs, and (ii) Granting Related Relief* [Docket No. 110] (the "Wages Order"), the Debtors received final authority to pay certain prepetition obligations, including to pay employee wages and other employee benefits, in the ordinary course of business. The Debtors believe that any non-insider employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been or will be satisfied, and such satisfied amounts are not listed.
- The listing of a Claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such Claim or any portion thereof is entitled to priority status.

b. Part 2 — Creditors with Nonpriority Unsecured Claims.

- The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records. The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of Claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed Claims or the correct amount of all unsecured claims.
- Schedule E/F, Part 2, contains information regarding threatened or pending litigation involving the Debtors. The amounts for potential Claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements. Known claims have been listed at undetermined; however, other claims incurred but not reported are unknown.
- Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Schedule E/F, Part 2, does not include Claims that may arise in connection with the rejection of any executory contracts and unexpired leases that have been or may be rejected.

- In many cases, the Claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a Claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such Claim.

- The Debtors have made reasonable efforts to locate and identify Guaranties in each of the executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements to which any Debtor is a party. Where Guaranties have been identified, they have been included in the relevant Schedules for the Debtor or Debtors affected by such Guaranties as a contingent and unliquidated obligation. The Debtors have placed the Guaranties on Schedule H for both the primary obligor and the guarantor of the relevant obligation. Guaranties were additionally placed on Schedule D or F for each guarantor, except to the extent they are associated with obligations under an executory contract or unexpired lease identified on Schedule G. It is possible that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. The Debtors reserve their rights to amend the Schedules to the extent additional Guaranties are identified or such Guaranties are discovered to have expired or be unenforceable. In addition, the Debtors reserve the right to amend the Schedules and Statements and to re-characterize or reclassify any such contract or Claim, whether by amending the Schedules and Statements or in another appropriate filing. Additionally, failure to list any Guaranties in the Schedules and Statements, including in any future amendments to the Schedules and Statements, shall not affect the enforceability of any Guaranties not listed.

- The Debtors have also made reasonable efforts to locate and identify addresses for all creditors listed herein. To the extent that any missing addresses are located after the filing of the Schedules and Statements, the Debtors will provide such information to the Debtors claims and noticing agent for addition to the service lists.

- As of the time of filing of the Schedules and Statements, the Debtors had not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights, but undertake no obligations, to amend Schedules D and E/F if and as they receive such invoices.

4. **Schedule G — Executory Contracts and Unexpired Leases**

- While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Additionally, some relationships between the Debtors and certain counterparties are governed by a master services agreement, under which

such counterparties also place work and purchase orders, which may be considered executory contracts. Some relationships between the Debtors and certain counterparties are governed by group purchasing agreements, under which the group purchasing counterparties contract with third-party vendors to provide goods and services to the Debtors, and such agreements may be considered executory contracts. Disclosure of these purchase and work orders, however, is impracticable and unduly burdensome. Accordingly, to the extent the Debtors have determined to disclose non-confidential services agreements in Schedule G, purchase and work orders placed thereunder have been omitted.

- Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain renewal options, guaranties of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreements, which documents may not be set forth in Schedule G.
- In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.
- The Debtors reserve all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's Claim.
- Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Contracts or agreements identified on Schedule G, include all amendments, supplements, and other documents related thereto. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

5. **Schedule H — Codebtors**

- The Debtors are party to various debt agreements, which were executed by multiple Debtors. The obligations of guarantors under prepetition, secured credit agreements are noted on Schedule H for each individual debtor. Furthermore, the Debtors may not have identified certain guaranties that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such

agreements. No claim set forth on the Schedules and Statements of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or non-Debtors. To the extent there are guaranties connected with any joint ventures to which the Debtors may be a party, such agreements are not identified in the Debtors' Schedules.

**Specific Statements Disclosures**

a. Statements, Part 1, Questions 1 and 2 — The gross revenue and non-business revenue reported for the current fiscal year are through September 16, 2026.

b. Statements, Part 2, Questions 3 and 4 — Payments to Certain Creditors. Prior to the Petition Date, the Debtors maintained a centralized Cash Management System through which the Debtors and certain non-debtor affiliates made certain payments. Consequently, all payments to creditors and insiders listed in response to Questions 3 and 4 on each of the Debtors' Statements reflect payments made by the Debtors from operating bank accounts (the "Operating Accounts"), on behalf of the corresponding Debtor, pursuant to the Debtors' Cash Management System described in the Cash Management Motion. In addition, payments listed in Statements, Part 2, Question 4 are net payments as of actual invoices and include credits and inter-company liabilities.

c. Statements, Part 2, Question 3 — 90 Day Payments. The Debtors have responded to Statements, Part 2, Question 3 in a detailed format by creditor. The response to Statements, Part 2, Question 3 includes any disbursement or other transfer made by the Debtors except for those made to (i) insiders or other Debtors (which payments appear in response to Statements, Part 2, Question 4), (ii) non-insider employees, and (iii) bankruptcy professionals (which payments appear in response to Statements, Part 6, Question 11). In addition, the response to Statements, Part 2, Question 3 does not include checks that were either voided or not presented before the Petition Date.

The Debtors' accounts payable system does not include the corresponding payment clear dates, and compiling this data would have required a time-consuming manual review of individual bank statements. It is expected, however, that many payments included in Statements, Part 3 have payment clear dates that are the same as payment dates (*e.g.*, wires and other forms of electronic payments).

Further, the Debtors worked to manually review the Debtors' voluminous books and records, and there may be instances in which a payment is not coded correctly. As a result, inadvertent errors or omissions may exist. Payments to insiders during the 90 days prior to the Petition Date that are reflected in Question 4 are not duplicated herein.

Statements, Part 2, Question 4 — As described in the Cash Management Motion, cash receipts from the Debtors' restaurant operations—including credit card settlements and cash deposits—are initially deposited into or swept into the concentration accounts at Wells Fargo. Funds are then transferred from the concentration accounts to the Operating Accounts and other disbursement accounts

to fund ordinary-course expenditures, including food and beverage costs, labor expenses, rent, utilities, and vendor payables. Balances at non-Wells Fargo institutions are also evaluated periodically, and funds are swept into the Debtors' main operating account as needed via ACH transfers. The Debtors utilize wires and book transfers between company accounts at Wells Fargo for intercompany fund movements. The only permitted intercompany cash movement is the management fee (representing indirect general and administrative expenses allocated from the company's restaurant support center) and reimbursement of shared expenses. For this reason, transfers from or to insider entities that are solely on account of reallocation of expenses / pursuant to the management fee allocation would be unduly burdensome are not included herein. Restaurant Holdings LLC is an entity owned by Gary Rose and Robert Schermer that serves as a landlord for certain of the Debtors.

The Debtors' Chief Restructuring Officer is an officer of the Debtors; however, he is employed and paid by Fort Dearborn Partners. For this reason, his salary payments are not listed herein.

To the extent: (i) a person qualified as an "insider" in the year prior to the Petition Date, but later resigned their insider status or (ii) did not begin the year as an insider, but later became an insider, the Debtors have only listed those payments made while such person was defined as an insider in Statements, Part 2, Question 4.

The inclusion of a party as an "insider" is not intended to be, nor should it be, construed as a legal characterization of such party as an insider and does not act as an admission of any fact, Claim, right, or defense, and such rights, Claims, and defenses are hereby expressly reserved.

In the ordinary course of business, certain corporate or personal credit cards may be utilized by insiders to pay for travel and business-related expenses for various other individuals employed by the Debtors. As it would be unduly burdensome for the Debtors to analyze which credit card expenses related to those incurred on behalf of an insider as opposed to another employee (or the Debtors), the Debtors have listed the aggregate amount paid for such expenses.

d. Statements, Part 2, Question 5 — On occasion, the Debtors may return damaged, unsatisfactory or out of specification goods to vendors or suppliers in the ordinary course of business. Other than ordinary course items, the Debtors are not aware of any property that has been returned to the seller.

e. Statements, Part 2, Question 6 — The Debtors engage in certain customer programs, including certain refund programs pursuant to which customers may receive gift cards or de minimis credits. The Debtors have not scheduled such ordinary course transactions.

f. Statements, Part 3 Question 7 — The Debtors have used reasonable efforts to report all legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the Debtors were involved in any capacity within one year before the Petition Date. The Debtors reserve their rights to assert that

neither the Debtors nor any affiliate of the Debtors is an appropriate party to such actions or proceedings.

g. Statements, Part 4, Question 9 — Gifts. The amounts listed in Statements, Part 4, Question 9 were based on a manual review of items in the Debtors' books and records determined to be gifts or charitable contributions. As a result, inadvertent errors or omissions may exist. Further, other gifts may exist that are below the $1,000 threshold per recipient that are not captured herein. "Boo Books" listed in this question are a charitable program distributed by Wendy's International; customers can purchase "Boo Books" containing coupons, and the Debtors donate 90 cents from every $1 book sold to the Dave Thomas Foundation for Adoption. In the ordinary course of business, the company undertakes sponsorship activities, and these have not been listed.

h. Statements, Part 5, Question 10 — Amounts listed herein were for events that were reported or tracked for insurance purposes. De minimis losses are not separately tracked by the Debtors and were not included herein.

i. Statements, Part 6, Question 11 — Payments Related to Bankruptcy. Presented herein are payments made to various professional services firms for services rendered within one year immediately preceding the Commencement Date. The services rendered pertain to (i) debt restructuring, (ii) reorganization and business planning; (iii) relief under the Bankruptcy Code, and/or (iv) preparation of bankruptcy petitions. Amounts listed reflect the total amounts paid to these respective firms as bifurcating the specific restructuring activities would be administratively burdensome. Information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications and related orders.

j. Statements, Part 6, Question 13 — The Debtors may, from time to, transfer equipment and other assets and/or sell certain equipment and other assets to third parties. These types of ordinary course transfers have not been disclosed. The Debtors may also abandon assets in place at the locations for which they have no future use or have been unable to sell to a third party. These types of transfers have not been disclosed. The Debtors also completed a number of sale leaseback transactions in the two years prior to the Petition Date, which are included in this question.

k. Statements, Part 9, Question 17 — The Debtors reserve all of their rights with respect to their responses to Statements, Part 9, Question 17.

l. Statements, Part 13, Question 26(d) — Books, Records and Financial Statements. The Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors, with financial statements that may not be part of a public filing. The Debtors do not maintain complete lists or other records tracking such disclosures. The Debtors' financial statements are also included in their periodic securities filings and available to the public

m. Statements, Part 13, Question 28 — Officers, Directors, and Controlling Shareholders. The Debtors' current officers and directors are listed herein.

The Debtors' controlling shareholders are not listed herein, as amounts held by shareholders may change frequently, but the Debtors submit that their substantial shareholders are any entity or individual person that has ownership of at least 5%. Many of these holders are institutional shareholders.

n. Statements, Part 13, Question 29 — Former Directors and Officers. Commercially reasonable efforts have been made to provide accurate and complete information regarding the former directors, managing members, general partners, members, or shareholders who were in control of the Debtors within one year before the Petition Date but who no longer hold these positions. While this information was based on a review of the Debtors' board minutes and on the best historical information available, inadvertent errors or omissions may exist.

o. Statements, Part 13, Question 30 — Payments, Distributions, or Withdrawals Credited or Given to Insiders. Distributions by the Debtors to their members and officers are listed on the attachment to Question 4. Certain of the Debtors' members and executive officers received distributions net of tax withholdings in the year preceding the Petition Date. The amounts listed under Questions 4 reflect the gross amounts paid to such members and executive officers, rather than the net amounts after deducting for tax withholdings.

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**
Name

**Fill in this information to identify the case:**

Debtor name **Wen Georgia, LLC**

United States Bankruptcy Court for the: **Western District of Michigan (Grand Rapids)**

Case number (if known) **26-02958**

■ Check if this is an amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

**12/15**

## Part 1: Summary of Assets

1. ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from Schedule A/B................ $ **8,703,571.58 PLUS UNDETERMINED AMOUNTS**

   1b. **Total personal property:**
   Copy line 91A from Schedule A/B................ $ **11,205,394.19 PLUS UNDETERMINED AMOUNTS**

   1c. **Total of all property:**
   Copy line 92 from Schedule A/B................ $ **19,908,965.77 PLUS UNDETERMINED AMOUNTS**

## Part 2: Summary of Liabilities

2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
   Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D................ $ **135,325,484.31**

3. ***Schedule E/F:* Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*................ $ **409,698.09 PLUS UNDETERMINED AMOUNTS**

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*................ +$ **5,559,041.76 PLUS UNDETERMINED AMOUNTS**

4. **Total liabilities** ................
   Lines 2 + 3a + 3b $ **141,294,224.16**

**Fill in this information to identify the case:**

Debtor name **Wen Georgia, LLC**

United States Bankruptcy Court for the: **Western District of Michigan (Grand Rapids)**

Case number (if known) **26-02958**

■ Check if this is an amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

**12/15**

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

## Part 1: List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

■ No. Go to Part 2.

☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

**Total claim** **Priority amount**

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

3.1 **Nonpriority creditor's name and mailing address**

3-V, INC
2528 SINGING VISTA WAY
EL CAJON CA 92019

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$12,877.81**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.2 **Nonpriority creditor's name and mailing address**

4100 S.BOGAN RD GA LLC
68-89 62ND DR
MIDDLE VILLAGE NY 11379

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$10,509.45**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**

Name

**Amount of claim**

3.3 **Nonpriority creditor's name and mailing address**

7348 SPOUT SPRINGS ROAD OWNER I LLC
30 EAST 85TH ST
APT 15 D
NEW YORK NY 10028

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$38,087.52**

---

3.4 **Nonpriority creditor's name and mailing address**

7348 SPOUT SPRINGS ROAD OWNER II LLC
30 EAST 85TH ST
APT 15 D
NEW YORK CITY NY 10028

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$620.83**

---

3.5 **Nonpriority creditor's name and mailing address**

8455 ROSWELL ROAD LLC
111 TOWN SQUARE PL
STE 1238 PMB 38752
JERSEY CITY NJ 07310-1810

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$10,071.57**

---

3.6 **Nonpriority creditor's name and mailing address**

AMERICAN STEAM CLEANING, LLC
2480 MANDY COURT
MARIETTA GA 30064

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$6,785.00**

---

3.7 **Nonpriority creditor's name and mailing address**

AMERISERVE COMMERCIAL LLC
PO BOX 96613
CHARLOTTE NC 28296-0613

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$135,868.49**

---

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**
Name

**Amount of claim**

3.8 **Nonpriority creditor's name and mailing address**

APEX ENVIRONMENTAL SERVICES
PO BOX 888342
ATLANTA GA 30356

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$11,990.00**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.9 **Nonpriority creditor's name and mailing address**

ARC3 GASES, INC.
PO BOX 896866
CHARLOTTE NC 28289-6866

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$8,783.83**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.10 **Nonpriority creditor's name and mailing address**

ATLANTA METRO SEAL LLC
901 COTTON MILL PLACE
SUWANEE GA 30024

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$24,550.00**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.11 **Nonpriority creditor's name and mailing address**

AUSTELL NATURAL GAS
PO BOX 685
AUSTELL GA 30168-0685

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$436.69**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.12 **Nonpriority creditor's name and mailing address**

AYDELOTT EQUIPMENT, INC.
119 COMPARK ROAD
CENTREVILLE OH 45459

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$33,819.74**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**
Name

**Amount of claim**

3.13 **Nonpriority creditor's name and mailing address**

B & S PROPERTIES
1643 GA-52 ALT
CHATSWORTH GA 30705

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

- [x] Contingent
- [x] Unliquidated
- [x] Disputed

**Basis for the claim:** LITIGATION

**Is the claim subject to offset?** ☐ No ☐ Yes

**UNDETERMINED**

---

3.14 **Nonpriority creditor's name and mailing address**

BACKFLOW PREVENTION SERVICES, INC.
PO BOX 667
MCDONOUGH GA 30253

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$3,110.00**

---

3.15 **Nonpriority creditor's name and mailing address**

BAKER DISTRUBUTING COMPANY
PO BOX 409635
ATLANTA GA 30384-9635

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$2,656.07**

---

3.16 **Nonpriority creditor's name and mailing address**

BARCO UNIFORMS
350 WEST ROSECRANS AVENUE
GARDENA CA 90248

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$9,460.35**

---

3.17 **Nonpriority creditor's name and mailing address**

BFC SOLUTIONS
1 VANTAGE WAY STE D210
NASHVILLE TN 37228

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$1,225.61**

---

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**
Name

**Amount of claim**

3.18 **Nonpriority creditor's name and mailing address**

BIMBO QSR OHIO, LLC
28424 NETWORK PLACE
CHICAGO IL 60673

**As of the petition filing date, the claim is:** Check all that apply

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**$59,744.72**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** [ ] No [ ] Yes

---

3.19 **Nonpriority creditor's name and mailing address**

BREDVIC GEORGIA,LLC
32-28 164 ST
FLUSHING NY 11358

**As of the petition filing date, the claim is:** Check all that apply

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**$16,760.41**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** [ ] No [ ] Yes

---

3.20 **Nonpriority creditor's name and mailing address**

CASHMASTER USA
9665 TRADEPORT DRIVE
ORLANDO FL 32827

**As of the petition filing date, the claim is:** Check all that apply

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**$50.00**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** [ ] No [ ] Yes

---

3.21 **Nonpriority creditor's name and mailing address**

CENTURY HOLDINGS OF GEORGIA LLC
1276 65 STREET
BROOKLYN NY 11219

**As of the petition filing date, the claim is:** Check all that apply

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**$10,775.30**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** [ ] No [ ] Yes

---

3.22 **Nonpriority creditor's name and mailing address**

CHAPTER 13 TRUSTEE - M.D. GA- ATHENS & MACON
PO BOX 102043
ATLANTA GA 30368

**As of the petition filing date, the claim is:** Check all that apply

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**$320.00**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** [ ] No [ ] Yes

---

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**
Name

**Amount of claim**

3.23 **Nonpriority creditor's name and mailing address**

CITY OF BUFORD
2300 BUFORD HIGHWAY
BUFORD GA 30518

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$2,458.90**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.24 **Nonpriority creditor's name and mailing address**

CITY OF DOUGLASVILLE
PO BOX 219
DOUGLASVILLE GA 30133-0219

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$1,883.82**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.25 **Nonpriority creditor's name and mailing address**

CITY OF EAST POINT
2791 EAST POINT STREET
EAST POINT GA 30344

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$3,399.90**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.26 **Nonpriority creditor's name and mailing address**

CITY OF GAINESVILLE, DEPT OF WATER RESOURCES
757 QUEEN CITY PWKY SW
GAINESVILLE GA 30501

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$967.35**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.27 **Nonpriority creditor's name and mailing address**

CITY OF LAWRENCEVILLE
PO BOX 738253
DALLAS TX 75373

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$10,652.04**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**
Name

**Amount of claim**

3.28 **Nonpriority creditor's name and mailing address**

CITY OF LOGANVILLE
4303 LAWRENCEVILLE ROAD
LOGANVILLE GA 30052

**As of the petition filing date, the claim is:** Check all that apply **$1,483.84**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** VARIOUS **Basis for the claim:**TRADE PAYABLE

**Last 4 digits of account number** **Is the claim subject to offset?** ☐ No ☐ Yes

---

3.29 **Nonpriority creditor's name and mailing address**

CITY OF MCDONOUGH WATER/SEWER
136 KEYS FERRY STREET
MCDONOUGH GA 30253

**As of the petition filing date, the claim is:** Check all that apply **$4,574.69**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** VARIOUS **Basis for the claim:**TRADE PAYABLE

**Last 4 digits of account number** **Is the claim subject to offset?** ☐ No ☐ Yes

---

3.30 **Nonpriority creditor's name and mailing address**

CITY OF MORROW PUBLIC WORKS DEPT
PUBLIC WORKS DEPARTMENT
6311-C MURPHY DRIVE
MORROW GA 30260

**As of the petition filing date, the claim is:** Check all that apply **$1,501.54**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** VARIOUS **Basis for the claim:**TRADE PAYABLE

**Last 4 digits of account number** **Is the claim subject to offset?** ☐ No ☐ Yes

---

3.31 **Nonpriority creditor's name and mailing address**

CITY OF SMYRNA
3180 ATLANTA RD.
SMYRNA GA 30080

**As of the petition filing date, the claim is:** Check all that apply **$743.73**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** VARIOUS **Basis for the claim:**TRADE PAYABLE

**Last 4 digits of account number** **Is the claim subject to offset?** ☐ No ☐ Yes

---

3.32 **Nonpriority creditor's name and mailing address**

CITY OF SNELLVILLE
PUBLIC WORKS DEPARTMENT
2491 MARIGOLD ROAD
SNELLVILLE GA 30078

**As of the petition filing date, the claim is:** Check all that apply **$707.00**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** VARIOUS **Basis for the claim:**TRADE PAYABLE

**Last 4 digits of account number** **Is the claim subject to offset?** ☐ No ☐ Yes

---

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**
Name

**Amount of claim**

3.33 **Nonpriority creditor's name and mailing address**

CLAYTON COUNTY WATER AUTHORITY
1600 BATTLE CREEK ROAD
MORROW GA 30260-4302

**As of the petition filing date, the claim is:** Check all that apply

**$6,126.36**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:**TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.34 **Nonpriority creditor's name and mailing address**

COBB COUNTY WATER SYSTEM
P. O. BOX 580440
CHARLOTTE NC 28258

**As of the petition filing date, the claim is:** Check all that apply

**$4,112.89**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:**TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.35 **Nonpriority creditor's name and mailing address**

COBB EMC
PO BOX 745711
ATLANTA GA 30374-5711

**As of the petition filing date, the claim is:** Check all that apply

**$4,171.07**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:**TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.36 **Nonpriority creditor's name and mailing address**

COMCAST
PO BOX 3001
SOUTHEASTERN PA 19398-3005

**As of the petition filing date, the claim is:** Check all that apply

**$14,984.90**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:**TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.37 **Nonpriority creditor's name and mailing address**

COMMERCIAL ELECTRONICS, INC.
PO BOX 200379
DALLAS TX 75320-0379

**As of the petition filing date, the claim is:** Check all that apply

**$2,053.80**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:**TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**
Name

**Amount of claim**

3.38 **Nonpriority creditor's name and mailing address**

COMPLETE ROOFING & REMODELING, LLC
980 BIRMINGHAM ROAD STE 501
MILTON GA 30004

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$4,583.50**

---

3.39 **Nonpriority creditor's name and mailing address**

CTL CORPORATION
9700 S.W. HARVEST CT.
BUILDING #100
BEAVERTON OR 97005

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$170.84**

---

3.40 **Nonpriority creditor's name and mailing address**

DCT HOLDINGS LLC
12811 PALMETTO PINES DRIVE
CAPE CORAL FL 33909

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$20,418.96**

---

3.41 **Nonpriority creditor's name and mailing address**

DEKALB CO. SANITATION DIVISION
DEKALB COUNTY
PUBLICS WORKS - SANITATION DIV
DECATUR GA 30032

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$8,024.80**

---

3.42 **Nonpriority creditor's name and mailing address**

DEKALB COUNTY DEPT OF WATERSHED
MANAGEMENT
DIV OF WATERSHED PROTECTION-FOG
PERMIT PROGRAM
330 W PONCE DE LEON AVE - 3RD FLOOR
DECATUR GA 30030

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$3,498.71**

---

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**
Name

**Amount of claim**

3.43 **Nonpriority creditor's name and mailing address**

DOUGLASVILLE-DOUGLAS COUNTY
WATER AND SEWER AUTHORITY
PO BOX 1178
DOUGLASVILLE GA 30133-1178

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$2,060.02**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.44 **Nonpriority creditor's name and mailing address**

ECOLAB PEST ELIMINATION DIVISION
26252 NETWORK PLACE
CHICAGO IL 60673-1241

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$2,035.91**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.45 **Nonpriority creditor's name and mailing address**

ECOLAB, INC.
PO BOX 70343
CHICAGO IL 60673-0343

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$7,647.46**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.46 **Nonpriority creditor's name and mailing address**

EDWARD SAFIR
ADDRESS ON FILE

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$1,113.70**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.47 **Nonpriority creditor's name and mailing address**

ELK PROMOTIONS, INC.
138 STELZER COURT
SUNBURY OH 43074

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$160.76**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**
Name

**Amount of claim**

3.48 **Nonpriority creditor's name and mailing address**

ERIC E. MAKI
ADDRESS ON FILE

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$29,804.04**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.49 **Nonpriority creditor's name and mailing address**

F&S MECHANICAL AND PLUMBING SERVICE, INC
800 PORT 14 PL
ATLANTA GA 30349

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$5,498.28**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.50 **Nonpriority creditor's name and mailing address**

FRAME VENTURES INC
PO BOX 802321
MIAMI FL 33180-9997

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$27,711.58**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.51 **Nonpriority creditor's name and mailing address**

FVR GEORGIA, LLC
C/O MOORE INGRAM JOHNSON & STEELE LLP
ATTN: G. PHILLIP BEGGS
326 ROSWELL STREET
SUITE 100
MARIETTA GA 30060

**As of the petition filing date, the claim is:** Check all that apply

■ Contingent
■ Unliquidated
■ Disputed

**UNDETERMINED**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** LITIGATION

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.52 **Nonpriority creditor's name and mailing address**

GAS SOUTH
PO BOX 530552
ATLANTA GA 30353-0552

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$2,924.20**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**
Name

**Amount of claim**

3.53 **Nonpriority creditor's name and mailing address**

GEORGE MAFREDAS
ADDRESS ON FILE

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$9,558.21**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.54 **Nonpriority creditor's name and mailing address**

GEORGIA LOGOS, LLC
6597 PEACHTREE INDUSTRIAL BLVD.
SUITE A
NORCROSS GA 30092

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$6,000.00**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.55 **Nonpriority creditor's name and mailing address**

GEORGIA NATURAL GAS
PO BOX 71245
CHARLOTTE NC 28272-1245

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$9,460.50**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.56 **Nonpriority creditor's name and mailing address**

GEORGIA POWER
96 ANNEX
ATLANTA GA 30396-0001

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$122,862.37**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.57 **Nonpriority creditor's name and mailing address**

GRAINGER
3803 ROGER B. CHAFFEE, SE
GRAND RAPIDS MI 60038-0001

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$1,855.32**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**
Name

**Amount of claim**

3.58 **Nonpriority creditor's name and mailing address**

GRAYSTONE CONTRACTING SERVICES
1872 PLEASANT HILL ROAD
CARROLLTON GA 30116

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$375.00**

3.59 **Nonpriority creditor's name and mailing address**

GRAYSTONE SERVICES, LLC
2118 CLEM LOWELL RD
CARROLLTON GA 30116

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$11,850.00**

3.60 **Nonpriority creditor's name and mailing address**

GREYSTONE POWER
PO BOX 6071
DOUGLASVILLE GA 30154-6071

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$3,783.42**

3.61 **Nonpriority creditor's name and mailing address**

GWINNETT CO. WATER RESOURCES
PO BOX 105023
ATLANTA GA 30348-5023

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$3,589.17**

3.62 **Nonpriority creditor's name and mailing address**

HENRY COUNTY ENVIRONMENTAL HEALTH
137 HENRY PARKWAY
MCDONOUGH GA 30253

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$2,800.00**

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**

Name

**Amount of claim**

3.63 **Nonpriority creditor's name and mailing address**

HENRY COUNTY WATER & SEWERAGE AUTHORITY
PO BOX 69
COLLINSVILLE VA 24078-0069

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$9,491.26**

3.64 **Nonpriority creditor's name and mailing address**

HM COMMUNICATIONS INC
39540 COUNTY ROAD 13
ELIZABETH CO 80107

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$3,860.70**

3.65 **Nonpriority creditor's name and mailing address**

HOBART SERVICE - ITW FOOD EQUIPMENT GRO
PO BOX 2517
CAROL STREAM IL 60132-2517

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$1,763.26**

3.66 **Nonpriority creditor's name and mailing address**

HOWARD ROSENSTEIN LLC
8232 18TH AVE
BROOKLYN NY 11214

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$18,088.52**

3.67 **Nonpriority creditor's name and mailing address**

IMAGE BUILDERS MARKETING, INC
726 CHICAGO DR
JENISON MI 49428

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$265.35**

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**
Name

**Amount of claim**

3.68 **Nonpriority creditor's name and mailing address**

INTEGRATED CASH LOGISTICS, INC.
PO BOX 9560
WILMINGTON DE 19809

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$69.16**

---

3.69 **Nonpriority creditor's name and mailing address**

JACKSON EMC
PO BOX 166023
ALTAMONTE SPRINGS FL 32716-6023

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$6,433.00**

---

3.70 **Nonpriority creditor's name and mailing address**

JJS, LLC
PO BOX 1240
DULUTH GA 30096

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$9,646.88**

---

3.71 **Nonpriority creditor's name and mailing address**

JO-LYN MANAGEMENT
313 E 74TH ST
NEW YORK NY 10021-3701

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$11,645.83**

---

3.72 **Nonpriority creditor's name and mailing address**

LEGENDARY LANDSCAPING, INC.
5209 PALERMO COURT
BUFORD GA 30518

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$20,276.32**

---

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**

Name

**Amount of claim**

3.73 **Nonpriority creditor's name and mailing address**

LEWIS ROY
ADDRESS ON FILE

**As of the petition filing date, the claim is:** Check all that apply

■ Contingent
■ Unliquidated
■ Disputed

**UNDETERMINED**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** LITIGATION

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.74 **Nonpriority creditor's name and mailing address**

LINDA B GORE
ADDRESS ON FILE

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$2,758.00**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.75 **Nonpriority creditor's name and mailing address**

LOCUST GROVE WENDY'S, LLC
C/O LAW OFFICES OF WARREN WILLIS
ATTN: WARREN WILLIS
2972 HABERSHAM WAY
ATLANTA GA 30305

**As of the petition filing date, the claim is:** Check all that apply

■ Contingent
■ Unliquidated
■ Disputed

**UNDETERMINED**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** LITIGATION

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.76 **Nonpriority creditor's name and mailing address**

MAGISTRATE COURT OF GWINNETT COUNTY
PO BOX 568
LAWRENCEVILLE GA 30046

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$882.13**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.77 **Nonpriority creditor's name and mailing address**

MARC E SPILO
ADDRESS ON FILE

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$44,450.12**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**
Name

**Amount of claim**

3.78 **Nonpriority creditor's name and mailing address**
MARIE RICHARDSON
ADDRESS ON FILE
**Date(s) debt was incurred** VARIOUS
**Last 4 digits of account number**
**As of the petition filing date, the claim is:** Check all that apply
■ Contingent
■ Unliquidated
■ Disputed
**Basis for the claim:** LITIGATION
**Is the claim subject to offset?** ☐ No ☐ Yes
**UNDETERMINED**

3.79 **Nonpriority creditor's name and mailing address**
MATTHEWS REALTY ASSOCIATES, INC
167 PROFESSIONAL PARK DRIVE
CLARKSVILLE GA 03523
**Date(s) debt was incurred** VARIOUS
**Last 4 digits of account number**
**As of the petition filing date, the claim is:** Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** TRADE PAYABLE
**Is the claim subject to offset?** ☐ No ☐ Yes
**$13,910.00**

3.80 **Nonpriority creditor's name and mailing address**
MBT ENTERPRISES
PO BOX 51404
PIEDMONT SC 29673
**Date(s) debt was incurred** VARIOUS
**Last 4 digits of account number**
**As of the petition filing date, the claim is:** Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** TRADE PAYABLE
**Is the claim subject to offset?** ☐ No ☐ Yes
**$6,032.24**

3.81 **Nonpriority creditor's name and mailing address**
MCLANE FOODSERVICE INC
2085 MIDWAY ROAD
CARROLLTON TX 75006
**Date(s) debt was incurred** VARIOUS
**Last 4 digits of account number**
**As of the petition filing date, the claim is:** Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** TRADE PAYABLE
**Is the claim subject to offset?** ☐ No ☐ Yes
**$404,197.71**

3.82 **Nonpriority creditor's name and mailing address**
MICHAEL KALUSZKA
ADDRESS ON FILE
**Date(s) debt was incurred** VARIOUS
**Last 4 digits of account number**
**As of the petition filing date, the claim is:** Check all that apply
■ Contingent
■ Unliquidated
■ Disputed
**Basis for the claim:** LITIGATION
**Is the claim subject to offset?** ☐ No ☐ Yes
**UNDETERMINED**

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**
Name

**Amount of claim**

3.83 **Nonpriority creditor's name and mailing address**

MOOD MEDIA
PO BOX 71070
CHARLOTTE NC 28272

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$2,537.79**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.84 **Nonpriority creditor's name and mailing address**

MYSTIC OAK INVESTMENTS, LLC
11323 WILLOW GARDENS DRIVE
WINDERMERE FL 34786

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$34,031.72**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.85 **Nonpriority creditor's name and mailing address**

NADG NNN WEN (SMT-GA), LP
3131 MCKINNEY AVE SUITE L-10
DALLAS TX 75204

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$56,250.00**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.86 **Nonpriority creditor's name and mailing address**

NANCY J WHALEY, CHAP 13 TRUSTEE
ADDRESS ON FILE

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$2,229.22**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.87 **Nonpriority creditor's name and mailing address**

NCR CORPORATION
PO BOX 198755
ATLANTA GA 30384-8755

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$1,943.24**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**

Name

**Amount of claim**

3.88 **Nonpriority creditor's name and mailing address**

NIKKI JORDAN
ADDRESS ON FILE

**As of the petition filing date, the claim is:** Check all that apply

**UNDETERMINED**

- [x] Contingent
- [x] Unliquidated
- [x] Disputed

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** LITIGATION

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.89 **Nonpriority creditor's name and mailing address**

PAINTER FAMILY LIVING TRUST
ADDRESS ON FILE

**As of the petition filing date, the claim is:** Check all that apply

**$44,068.33**

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.90 **Nonpriority creditor's name and mailing address**

POLK COUNTY WATER AUTHORITY
PO BOX K
CEDARTOWN GA 30125-0696

**As of the petition filing date, the claim is:** Check all that apply

**$203.70**

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.91 **Nonpriority creditor's name and mailing address**

POS REMARKETING GROUP
1059 N OLD LRAND RD
WAUCONDA IL 60084

**As of the petition filing date, the claim is:** Check all that apply

**$5,314.00**

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.92 **Nonpriority creditor's name and mailing address**

POWDER SPRINGS LLC
4419 THIRD AVENUE SUITE A
BRONX NY 10457

**As of the petition filing date, the claim is:** Check all that apply

**$10,500.00**

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**

Name

**Amount of claim**

3.93 **Nonpriority creditor's name and mailing address**

PYE-BARKER FIRE & SAFETY, LLC
1225 RAIL STREET
GREENSBORO NC 27407-2128

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$39,815.75**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.94a **Nonpriority creditor's name and mailing address**

QUALITY IS OUR RECIPE, LLC (WENDY'S INTERNATIONAL)
ATTN: ACCOUNTS RECEIVABLE DEPT
ONE DAVE THOMAS BLVD
DUBLIN OH 43017

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$3,401,699.38**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** FRANCHISOR DEFERRED FEES

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.95 **Nonpriority creditor's name and mailing address**

REPUBLIC SERVICES #800
FOR BFI WASTE SERVICES LLC
PO BOX 713502
CHICAGO IL 60677-0052

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$22,356.07**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.96 **Nonpriority creditor's name and mailing address**

RGMZ HOLDING LLC
19 W 44TH ST STE 1002
NEW YORK NY 10036

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$7,324.58**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.97 **Nonpriority creditor's name and mailing address**

RIVER CITY REPRODUCTIONS, LLC
4039 40TH STREET, SE
UNIT 1
GRAND RAPIDS MI 49512

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$7,152.55**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

**Amount of claim**

3.98 **Nonpriority creditor's name and mailing address**

ROBERT GALASSI 2014 TRUST
ADDRESS ON FILE

**As of the petition filing date, the claim is:** Check all that apply **$8,881.25**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.99 **Nonpriority creditor's name and mailing address**

RONALD SCOTT
ADDRESS ON FILE

**As of the petition filing date, the claim is:** Check all that apply **$100.00**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.100 **Nonpriority creditor's name and mailing address**

RONEA IESHA FOSTER
ADDRESS ON FILE

**As of the petition filing date, the claim is:** Check all that apply **$4,000.00**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.101 **Nonpriority creditor's name and mailing address**

RONEA IESHA FOSTER
ADDRESS ON FILE

**As of the petition filing date, the claim is:** Check all that apply **UNDETERMINED**

☒ Contingent
☒ Unliquidated
☒ Disputed

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** LITIGATION

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.102 **Nonpriority creditor's name and mailing address**

ROSENBAUM APPLICABLE EXCLUSION TRUST
ADDRESS ON FILE

**As of the petition filing date, the claim is:** Check all that apply **$6,674.12**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**
Name

**Amount of claim**

3.103 **Nonpriority creditor's name and mailing address**
ROSENBAUM SURVIVORS TRUST
ADDRESS ON FILE
**Date(s) debt was incurred** VARIOUS
**Last 4 digits of account number**
**As of the petition filing date, the claim is:** Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** TRADE PAYABLE
**Is the claim subject to offset?** ☐ No ☐ Yes
**$6,674.13**

3.104 **Nonpriority creditor's name and mailing address**
RR DONNELLEY & SONS COMPANY
4101 WINFIELD ROAD
WARRENVILLE IL 60555
**Date(s) debt was incurred** VARIOUS
**Last 4 digits of account number**
**As of the petition filing date, the claim is:** Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** TRADE PAYABLE
**Is the claim subject to offset?** ☐ No ☐ Yes
**$5,095.44**

3.105 **Nonpriority creditor's name and mailing address**
SAUNDRA ROBINSON DOSS
ADDRESS ON FILE
**Date(s) debt was incurred** VARIOUS
**Last 4 digits of account number**
**As of the petition filing date, the claim is:** Check all that apply
■ Contingent
■ Unliquidated
■ Disputed
**Basis for the claim:** LITIGATION
**Is the claim subject to offset?** ☐ No ☐ Yes
**UNDETERMINED**

3.106 **Nonpriority creditor's name and mailing address**
SBK CHOICE, LLC
1695 BRIERGATE DR
DULUTH GA 30097
**Date(s) debt was incurred** VARIOUS
**Last 4 digits of account number**
**As of the petition filing date, the claim is:** Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** TRADE PAYABLE
**Is the claim subject to offset?** ☐ No ☐ Yes
**$10,773.83**

3.107 **Nonpriority creditor's name and mailing address**
SCALA, INC.
920 CASSATT ROAD
SUITE 300
BERWYN PA 19312
**Date(s) debt was incurred** VARIOUS
**Last 4 digits of account number**
**As of the petition filing date, the claim is:** Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
**Basis for the claim:** TRADE PAYABLE
**Is the claim subject to offset?** ☐ No ☐ Yes
**$419.44**

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**
Name

**Amount of claim**

3.108 **Nonpriority creditor's name and mailing address**

SIGNAL SIGNS OF GA, INC.
440 SIX FLAGS PARKWAY
MABLETON GA 30126

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$5,857.20**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.109 **Nonpriority creditor's name and mailing address**

SNAPPING SHOALS EMC
PO BOX 73
COVINGTON VA 30015

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$7,444.28**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.110 **Nonpriority creditor's name and mailing address**

STAPLES, INC.
PO BOX 660409
DALLAS TX 75266-0409

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$5,963.12**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.111 **Nonpriority creditor's name and mailing address**

STATE CLERK OF COURT
PO BOX 2147
LAWRENCEVILLE GA 30046

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$2,518.11**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.112 **Nonpriority creditor's name and mailing address**

STATE ROAD AND TOLLWAY AUTHORITY
PO BOX 2105
ATLANTA GA 30301-2105

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$25.50**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**
Name

**Amount of claim**

3.113 **Nonpriority creditor's name and mailing address**

SUGARMAN LAW, LLP
154 KROG STREET NE
STE 190
ATLANTA GA 30307-2484

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$7,874.82**

---

3.114 **Nonpriority creditor's name and mailing address**

SUPREME PROPERTIES, LLC
2199 BROOKE FARM TRAIL
DUNWOODY GA 30338

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$96,009.43**

---

3.115 **Nonpriority creditor's name and mailing address**

SWL CORP
319 HEYDON CT
MACON GA 31210

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$11,319.44**

---

3.116 **Nonpriority creditor's name and mailing address**

SYNERGI PARTNERS INC
PO BOX 5599
FLORENCE SC 29502-5599

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$3,700.17**

---

3.117 **Nonpriority creditor's name and mailing address**

TAYLOR FREEZER SALES OF GEORGIA
PO BOX 2130
CUMMING GA 30028-2130

**Date(s) debt was incurred** VARIOUS

**Last 4 digits of account number**

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** TRADE PAYABLE

**Is the claim subject to offset?** ☐ No ☐ Yes

**$4,422.91**

---

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**
Name

**Amount of claim**

3.118 **Nonpriority creditor's name and mailing address**

TELECOM CORPORATION
ONE COMTRONICS PLACE
JACKSON MI 49203

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$1,443.00**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:**TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.119 **Nonpriority creditor's name and mailing address**

THE JANET RENEE BAILEY FAMILY TRUST
10/22/
ADDRESS ON FILE

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$30,692.64**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:**TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.120 **Nonpriority creditor's name and mailing address**

THE PATRICK AND JENNIFER CAUGHEY
FAMILY TRUST
ADDRESS ON FILE

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$26,762.38**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:**TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.121 **Nonpriority creditor's name and mailing address**

TIFFANE TERRELL
C/O MONTLICK & ASSOCIATES
ATTN: SCOTT PATTERSON
17 EXECUTIVE PARK DRIVE
SUITE 300
ATLANTA GA 30329

**As of the petition filing date, the claim is:** Check all that apply

■ Contingent
■ Unliquidated
■ Disputed

**UNDETERMINED**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:**LITIGATION

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.122 **Nonpriority creditor's name and mailing address**

TRUST CREATED UNDER ART 3 OF THE LAST
WILL AND T
ADDRESS ON FILE

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$12,362.99**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:**TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**

Name

**Amount of claim**

3.123 **Nonpriority creditor's name and mailing address**

TUCKER ACOUSTICAL PRODUCTS, INC.
C/O CAPITAL MATERICALS, INC
1466 WHITE ROAD CT #200
MARIETTA GA 30060

**As of the petition filing date, the claim is:** Check all that apply

**$229.54**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.124 **Nonpriority creditor's name and mailing address**

TUNDRA RESTAURANT SUPPLY, LLC.
PO BOX 74007307
CHICAGO IL 60674-7307

**As of the petition filing date, the claim is:** Check all that apply

**$50,000.03**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.125 **Nonpriority creditor's name and mailing address**

UNION CITY
5041 UNION STREET
UNION CITY GA 30291

**As of the petition filing date, the claim is:** Check all that apply

**$873.00**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.126 **Nonpriority creditor's name and mailing address**

US DOOR SERVICE, LLC
4046 SHARPSBURG MCCOLLUM RD
NEWNAN GA 30265

**As of the petition filing date, the claim is:** Check all that apply

**$5,087.25**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.127 **Nonpriority creditor's name and mailing address**

VOYLES FAMILY PARTNERSHIP LLLP
2103 COBB PARKWAY
MARIETTA GA 30667-8601

**As of the petition filing date, the claim is:** Check all that apply

**$31,478.90**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**
Name

**Amount of claim**

3.128 **Nonpriority creditor's name and mailing address**

WALTON EMC
P. O. BOX 1347
MONROE GA 30655-1347

**As of the petition filing date, the claim is:** Check all that apply

**$11,987.10**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.129 **Nonpriority creditor's name and mailing address**

WASTE MANAGEMENT
AS PAYMENT AGENT
PO BOX 4648
CAROL STREAM IL 60197-4648

**As of the petition filing date, the claim is:** Check all that apply

**$2,578.76**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.130 **Nonpriority creditor's name and mailing address**

WAYNE COMMUNICATIONS
ATTN: PRESIDENT OR GENERAL COUNSEL
6612 CHANCELLOR DRIVE
CEDAR FALLS IA 50613

**As of the petition filing date, the claim is:** Check all that apply

**$63,966.29**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.131 **Nonpriority creditor's name and mailing address**

WELLSONE
260 N CHARLES LINDBERGH DR
SALT LAKE CITY UT 84116-2811

**As of the petition filing date, the claim is:** Check all that apply

**$2,896.53**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

---

3.132 **Nonpriority creditor's name and mailing address**

WENDYS TECHNOLOGY LLC
ONE DAVE THOMAS BLVD
DUBLIN OH 43017

**As of the petition filing date, the claim is:** Check all that apply

**$93,471.04**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**
Name

**Amount of claim**

3.133 **Nonpriority creditor's name and mailing address**

WEST LAKE MAGNOLIA, LLC
PO BOX 19375
BOULDER CO 80308

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$27,145.20**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.134 **Nonpriority creditor's name and mailing address**

WG 11121 LLC
893 ROUTE 9W-S
NYACK NY 10960

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$11,352.81**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.135 **Nonpriority creditor's name and mailing address**

WINCREST PROPERTIES LLC
179 AMHERST ST
NASHUA NH 03064

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$30,141.50**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

3.136 **Nonpriority creditor's name and mailing address**

WOODSIDE MCDONOUGH, LLC
7845 COLONY ROAD
SUITE C4-242
CHARLOTTE NC 28226

**As of the petition filing date, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**$33,510.83**

**Date(s) debt was incurred** VARIOUS

**Basis for the claim:** TRADE PAYABLE

**Last 4 digits of account number**

**Is the claim subject to offset?** ☐ No ☐ Yes

## Part 3: List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed ? | Last 4 digits of account number, if any |
|---|---|---|

Debtor **Wen Georgia, LLC** Case number (if known) **26-02958**
Name

## Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. $ | **0.00** |
| **5b. Total claims from Part 2** | 5b. + $ | **5,559,041.76 PLUS UNDETERMINED AMOUNTS** |
| **5c. Total of Parts 1 and 2** Lines 5a + 5b = 5c. | 5c. $ | **5,559,041.76 PLUS UNDETERMINED AMOUNTS** |

**Fill in this information to identify the case:**

Debtor name **Wen Georgia, LLC**

United States Bankruptcy Court for the: WESTERN DISTRICT OF MICHIGAN (GRAND RAPIDS)

Case number (if known) **26-02958**

■ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and Signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ■ *Amended Schedule* **Schedule EF Part 2**
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **October 23, 2026** X /s/ Kevin W. Cleary

Signature of individual signing on behalf of the debtor

**Kevin Cleary**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor